# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VINCENT MARK SANTANA,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:08-CV-00573-KJD-(LRL)

**ORDER**

    Petitioner has paid the filing fee. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed his Petition for a Writ of Habeas Corpus. It requires amendment.

    Notice pleading is insufficient for habeas corpus. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" Mayle v. Felix, 545 U.S. 644, 655 (2005).

    Petitioner was tried and convicted of failing to register as a sex offender. He appealed, and the Nevada Supreme Court affirmed. His state habeas corpus petition was unsuccessful.

    In all grounds for relief, Petitioner argues that his trial counsel provided ineffective assistance. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective

standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.  "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

In Ground 1, Petitioner alleges that the prosecutor asked prospective jurors whether they had children, to no objection by defense counsel.  Petitioner argues that this question left the impression that Petitioner's crime was against a child, when Petitioner's crime was against an adult.  Failure to register as a sex offender is a crime against the state, not against any particular person.  Unless the trial went into the details of Petitioner's underlying sexual offense, Petitioner's allegations do not show how he was prejudiced by the lack of objection.

In Grounds 2 through 6, Petitioner alleges that he was homeless, thus unable to register, and that counsel was ineffective in several ways for failing to present to the jury evidence in support of this defense.  Petitioner assumes that homelessness is a defense to the crime of failure to register as a sex offender.  The Court cannot determine from the Petition whether that assumption is accurate.  The statute itself is silent on the matter.  See Nev. Rev. Stat. § 179D.441 et seq.  Homelessness itself is not necessarily a bar to other legal rights and duties.  For example, homeless people frequently commence actions in this court, and they use General Delivery as their mailing address.

To correct these defects, Petitioner needs to submit an amended petition in which he alleges how counsel's inaction prejudiced him.  Petitioner also needs to attach a copy of each written decision from the state courts, as instructed on page one of the Court's petition form.

Petitioner has also submitted a Motion for Extension of Time (#4) to pay the filing fee, which the Court grants.

Petitioner has also submitted an Ex Parte Motion for Appointment of Counsel (#2).  Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).

1  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of
2  the petitioner to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved."
3  <u>Weygandt v. Look</u>, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in
4  federal habeas proceedings.  <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991).  The factors to consider
5  are not separate from the underlying claims, but are intrinsically enmeshed with them.  <u>Weygandt</u>,
6  718 F.2d at 954.  After reviewing the Petition, the Court concludes that appointment of counsel is
7  not warranted.
8           The <u>Ex Parte</u> Motion for Appointment of Counsel (#2) does not comply with the
9  Court's rules regarding the filing of <u>ex parte</u> motions, which are motions filed without notice to the
10  adverse parties.  <u>See</u> LR 7-5, 7-6.  The Court recognizes that Petitioner used a form with "<u>Ex Parte</u>"
11  in the title.  If Petitioner uses such forms in the future, then he should cross out those words.
12           IT IS THEREFORE ORDERED that Petitioner's <u>Ex Parte</u> Motion for Appointment
13  of Counsel (#2) is **DENIED**.
14           IT IS FURTHER ORDERED that Petitioner's Motion for Extension of Time (#4) is
15  **GRANTED**.
16           IT IS FURTHER ORDERED that the Clerk of the Court shall file the Petition.
17           IT IS FURTHER ORDERED that the Clerk of the Court shall send Petitioner a
18  Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form with instructions.
19  Petitioner shall have thirty (30) days from the date that this Order is entered in which to file an
20  amended petition to correct the noted deficiencies.  Failure to comply with this Order will result in
21  the dismissal of this action.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  IT IS FURTHER ORDERED that Plaintiff shall clearly title the amended petition as
2  such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus
3  Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (<u>NOT</u> Sentenced to Death)" on page 1 in
4  the caption, and Plaintiff shall place the case number, 2:08-CV-00573-KJD-(LRL), above the word
5  "AMENDED."

6  DATED: June 10, 2008

_____
KENT J. DAWSON
United States District Judge